FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 15 2016 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ONEWEST BANK N.A.

                        Plaintiff,

-against-

TARA CONROY, et al.,

                        Defendants.
------------------------------------------------------------------X

**ORDER**
14-CV-5862 (LDW)(AKT)

WEXLER, District Judge:

Presently before the Court is a motion to amend the complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure submitted by plaintiff OneWest Bank N.A. ("OneWest" or "plaintiff"). *See* Docket Entry ("DE") [90]. Of the several defendants, only defendant *pro se* James Donovan ("Donovan") and defendant Tara Conroy ("Conroy") have opposed the motion. *See* DE [93], [94]. For the reasons set forth below, the motion is granted.

**I.    BACKGROUND**

The facts are taken from the complaint. Defendants Conroy and Donovan are named as co-owners of a property located at 11 Waverly Court, Wading River, New York (the "Property"). Property.[1] On or about April 25, 2007, Conroy and Donovan executed a promissory note evidencing a loan made to them by IndyMac Bank, FSB ("IndyMac") in the principal amount of $600,000, and a mortgage was executed and recorded. A Modification Agreement was executed by Conroy and Donovan on June 1, 2008. The Note was transferred to plaintiff, according to an allonge affixed to it, and IndyMac assigned the mortgage to plaintiff on June 18, 2010. The

---

[1] Defendants Conroy and Donovan concede that Conroy is the legal owner of the Property, but deny that Donovan is a co-owner. *See* Answer, ¶¶ 4-5, DE [24].

assignment was recorded. Plaintiff claims that it remains the owner and holder of the note and mortgage.

Conroy and Donovan failed to make the required monthly installment payment due on February 1, 2009, and have failed to make all subsequent monthly payments. As of September 12, 2014, the unpaid principal balance on the note and mortgage was $592,405.03, plus interest and accrued late charges. On October 7, 2014, Plaintiff commenced this diversity breach of contract action to foreclose on the mortgage encumbering the Property and sell it. Defendants Conroy and Donovan did not move to dismiss the complaint, but rather filed an answer on November 25, 2014.[2] Significant discovery has been conducted.

Plaintiff now seeks to file an Amended Complaint in order to: (1) change the corporate name of plaintiff from OneWest to CIT Bank, N.A., as the result of the acquisition of OneWest's parent by CIT Group Inc.; and (2) correct a "typographical error" within a single paragraph of the complaint concerning the identity of the mortgagee. Plaintiff does not seek to add claims or parties. While defendants Conroy and Donovan have opposed the motion to amend, neither has provided any argument regarding the specific amendments sought. Instead, these defendants argue that amendment would be futile because the entire case is futile as it is barred by res judicata, collateral estoppel, and lack of standing of OneWest.

## II.     LEGAL STANDARD

Motions to amend pleadings are governed by Fed. R. Civ. P. 15, which provides that "[t]he court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2); *see also Amaya v. Roadhouse Brick Oven Pizza, Inc.*, 285 F.R.D. 251, 253 (E.D.N.Y.

---

[2] The remaining defendants are named in the complaint as judgment creditors. Defendants Fastina Blake and Annemarie Clarke have appeared, and the Clerk of the Court has noted the default of defendants New York State Department of Taxation and Finance, Total Dental Care of Middle Island P.C., and Astoria Federal Savings and Loan Association.

2012) ("A court should freely give leave [to amend] when justice so requires and such leave is in the court's discretion." (internal quotation omitted)). Courts interpret Rule 15 liberally, denying leave to amend only "if there is delay, bad faith, futility, or prejudice to the non-moving party." *Hosking v. New World Mortg., Inc.*, 602 F. Supp. 2d 441, 445 (E.D.N.Y. 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)). The party opposing a motion to amend bears the burden of establishing that the amendment should be denied. *See Joinnides v. Floral Park–Bellerose Union Sch. Dist.*, No. 12-CV-5682, 2015 WL 1476422, at *9 (E.D.N.Y. Mar. 31, 2015) ("With respect to the Rule 15(a) factors, '[t]he party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial or futile.'") (quoting *Cummings–Fowler v. Suffolk Cty. Cmty. Coll.*, 282 F.R.D. 292, 296 (E.D.N.Y. 2012)).

## III. DISCUSSION

Defendants oppose the motion, but do not address the proposed amendments. Instead of arguing that the proposed *amendments* to the complaint are futile, they argue that the entire proposed amended complaint is futile as the claims are barred by doctrines of res judicata and/or collateral estoppel. Having failed to move to dismiss pursuant to Rule 12, defendants are using their opposition to the motion to amend as a vehicle for seeking dismissal of the entire case. Opposition to a Rule 15 motion to amend is not, however, the appropriate procedural mechanism to raise a Rule 12(b)(6) argument that should have been presented as part of a motion to dismiss. This Court has indicated that it would entertain a motion for summary judgment at the close of discovery, and the issues raised by defendants in opposition here are more appropriately raised and decided at that time.

As to the proposed amendments, the Court sees no reason to deny the motion. By affidavit, plaintiff states that CIT Group Inc. acquired the parent company of OneWest, and

although OneWest remains an entity, it has "changed its name as part of the acquisition to CIT Bank, N.A." Affidavit of Rebecca Marks, ¶ 3, DE [90-4]. CIT Bank, N.A. is a national association entirely owned by CIT Group Inc. *Id.* ¶4. Although the motion to change plaintiff's name may have been more appropriately brought under Rule 17 or Rule 25(c) of the Federal Rules of Civil Procedure, in either event, "[s]ubstitution of a successor in interest or its joinder as an additional party under Rule 25(c) is generally within the sound discretion of the trial court." *Organic Cow, LLC v. Ctr. for New Eng. Dairy Compact Research*, 335 F.3d 66, 71 (2d Cir.2003) (citation omitted). Defendants do not dispute plaintiff's contention that CIT Bank is the current name of OneWest. Indeed, defendants specifically acknowledge in their answer that CIT Bank is the successor in interest to plaintiff. Answer, DE [25], ¶ 37 (noting that references in defendants' affirmative defenses to plaintiff "shall also mean Plaintiff successors and / or assigns, including, but not limited to, CIT Group, Inc. and CIT Bank."). Accordingly, plaintiff's request to change its name on the Amended Complaint is granted

Plaintiff also seeks to change a typographical error in one paragraph. Paragraph 18 of the complaint alleges that on April 25, 2007, Donovan and Conway executed, acknowledged, and delivered a mortgage "to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for IndyMac, for the purpose of securing payment of the indebtedness set forth in the Note, wherein and whereby Mortgagors mortgaged the Mortgaged Property to MERS, as nominee for IndyMac." Compl. ¶18. The proposed amendment would state that Donovan and Conway executed, acknowledged, and delivered the mortgage "to IndyMac, for the purpose of securing payment of the indebtedness set forth in the Note, wherein and whereby Mortgagors mortgaged the Mortgaged Property to IndyMac." Proposed Amended Compl., ¶18. Thus, the purported

typographical error was inclusion of MERS in the transaction where the correct mortgagee was IndyMac.

Although the error may arguably rise above the level of "typographical," the Court finds that no prejudice results from the proposed amendment to a single, factual paragraph of the complaint. Defendant Donavan was on notice of the issue as early as December 1, 2015 when plaintiff's counsel responded to his request for more information by noting the error and indicating an intention to correct it at a later date. *See* Ltr, DE [90-6]. Further, defendants will not be unduly prejudiced as the proposed amended complaint does not seek to add new claims.

## IV. CONCLUSION

For the reasons set forth herein, plaintiff's motion to amend its complaint is granted. Plaintiff shall serve and electronically file the amended complaint by **September 23, 2016.** The parties are directed to report to Magistrate Judge Tomlinson immediately regarding the completion of any remaining discovery. As to the anticipated motion for summary judgment, the requirement of a premotion conference is waived. The parties shall confer and submit a proposed briefing schedule for this Court's review and approval no later than **November 4, 2016.**

Dated: Central Islip, New York
September 15, 2016

**SO ORDERED**

_____
LEONARD D. WEXLER
United States District Judge

5