UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CIT BANK N.A.,

                                      Plaintiff,

      -against-

TARA CONROY a/k/a TARA DONOVAN, JAMES
DONOVAN, TOTAL DENTAL CARE OF MIDDLE
ISLAND, P.C., ASTORIA FEDERAL SAVINGS AND
LOAN ASSOCIATION, NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE,
ANNMARIE CLARKE, FASTINA BLACK, and "JOHN
DOE No. 1" through "JOHN DOE No. 10" inclusive, the
names of the last 10 defendants being fictitious, the true
names of said defendants being unknown to Plaintiff, it
being intended to designate fee owners, tenants or occupants
of the mortgaged premises and/or persons or parties having
or claiming an interest in or a lien upon the mortgaged
premises, if the aforesaid individual defendants are living,
and if any or all of said individual defendants be dead, their
heirs at law, next of kin, distributees, executors,
administrators, trustees, committees, devisees, legatees, and
the assignees, lienors, creditors and successors in interest of
them, and generally all persons having or claiming under, by,
through, or against the said defendants named as a class, of
any right, title, or interest in or lien upon the premises
described in the complaint herein,

                                       Defendants.
------------------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 03 2017 ★
LONG ISLAND OFFICE

MEMORANDUM
AND ORDER

14-CV-5862
(Wexler, J.)

APPEARANCES:

    WINDELS MARX LANE & MITTENDORF, LLP
    BY: Andrew L. Jacobson, Esq.
    Attorney for Plaintiff
    156 West 56th Street
    New York, New York 10019

    HOGAN LOVELLS US LLP
    BY: Allison J. Schoenthal, Esq. and Nicole E. Schiavo, Esq.
    Attorneys for Plaintiff
    875 Third Avenue
    New York, New York 10022

LAW OFFICES OF CHRISTOPHER THOMPSON
BY: Christopher Thompson, Esq.
Attorneys for Defendant Tara Conroy a/k/a Tara Donovan
33 Davison Lane East
West Islip, New York 11795

James Donovan, defendant pro se
11 Waverly Court
Wading River, New York 11792

WEXLER, District Judge:

In this diversity case, Plaintiff CIT Bank, N.A. ("CIT Bank" or "Plaintiff") seeks to foreclose on a mortgage encumbering real property and to sell that property. Discovery has been completed, and motions for summary judgment have been submitted. Defendants Tara Conroy a/k/a Tara Donovan ("Conroy") and James Donovan ("Donovan," collectively "Defendants") have submitted separate motions for summary judgment. See Docket Entry ("DE") [135] and [136], respectively. Plaintiff has cross-moved for summary judgment on its claim and to dismiss Defendants' counterclaims. DE [135-12].[1] For the reasons set forth herein, Defendants' motions are granted, Plaintiff's cross-motion is granted in part and denied in part, and the case is dismissed.

## I. BACKGROUND

### A. The Parties and the Underlying Mortgage Loan

The facts are taken from the amended complaint and the parties' Rule 56.1 statements and are undisputed unless otherwise indicated. CIT Bank is a national banking association. Defendants Conroy and Donovan are New York residents and reside at 11 Waverly Court, Wading River, New York ("the Property"). Plaintiff claims that both Conroy and Donovan own the Property, but Donovan disputes his ownership interest. There appears to be no dispute as to Conroy's ownership.

---

[1] Plaintiff's cross-motion was not docketed separately, but rather as part of Conroy's motion.

On April 25, 2007, Defendants obtained a loan ("Loan") from IndyMac Bank, F.S.B. ("IndyMac") in the principal amount of $600,000, which loan was memorialized in a note (the "Note") and secured by a mortgage (the "Mortgage") on the Property. Donovan characterizes the loan as a "construction to permanent financing agreement." The actual loan documents are entitled "Fixed/Adjustable Rate Note" and "Mortgage," and the Note includes a "Residential Construction Loan Addendum." *See* Declaration of James Donovan ("Donovan Decl."), Ex. A and B, DE [137]. While Defendants do not generally dispute the initial facts regarding the Loan and its documentation, Donovan raises numerous issues regarding the authenticity of the Note.

The Loan was the subject of two modification agreements. IndyMac, Conroy, and Donovan executed a Modification Agreement on October 28, 2007. *See* Donovan Decl., Ex. C ("2007 Modification"). Under the 2007 Modification, the construction period was extended 60 days to January 1, 2008, a prepayment penalty was added, and the interest rate lock commitment was released and instead would float "until the Permanent Loan is signed." *Id.* ¶3(e). On or about June 1, 2008, IndyMac, Conroy, and Donovan executed a second Modification Agreement subtitled "Roll-to-Perm." *See* Affidavit of Rebecca Marks, ("Marks Aff."), Ex.C ("2008 Modification"),DE [135-21]. This agreement sets forth the parties' agreement regarding the "conversion from the Construction Phase to the Permanent Phase of the loan" and purports to modify the Note to change the interest rate and monthly payment. Despite the 2008 Modification, Donovan claims that IndyMac failed to convert the loan and that the loan was rescinded.

Plaintiff claims that Conroy and Donovan failed to make the monthly payment due February 1, 2009 and have failed to make all subsequent monthly payments.

3

The purported holder of the note and mortgage has changed since the original execution by IndyMac. On July 11, 2008, IndyMac was closed by the Office of Thrift Supervision and the Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver. IndyMac's assets were transferred to IndyMac Federal Bank ("IndyMac Federal"). On March 19, 2009, OneWest Bank N.A. ("OneWest") acquired "substantially all" the assets of IndyMac Federal. Donovan claims that Plaintiff has not proven that OneWest acquired this specific Mortgage Loan.

In 2014, OneWest changed its name to CIT Bank, N.A. as the result of the acquisition of OneWest's parent by CIT Group Inc. Plaintiff's motion to change the corporate name from OneWest to CIT Bank in this litigation was granted on September 15, 2016. Order, DE [95]. There appears to be no dispute that OneWest and CIT Bank are the same entity.

**B  State Court Action**

On August 9, 2009, OneWest, as successor to IndyMac, commenced a foreclosure action in New York Supreme Court, Suffolk County against Donovan, Conroy, Robin Conroy, and the New York State Department of Taxation and Finance. OneWest sought foreclosure on the Loan from April 2007. Issue was joined, various motion practice was conducted, and several orders relevant to this case were issued.

First, OneWest moved at the outset of the case for an order striking the answers of Donovan and Conroy, granting summary judgment in OneWest's favor, and appointing a referee to compute the amount due. That motion was denied by Order dated December 15, 2010. Order of 12/15/10, Donovan Decl., Ex G. The basis for the denial was a failure of proof by the Plaintiff that it was the owner/holder of the note and mortgage at the time the action was commenced -- "[o]ther than the bare allegation of plaintiff's counsel, who does not have personal knowledge of the facts, plaintiff has proffered no proof in admissible form that plaintiff Onewest

Bank, FSB is the successor in interest to IndyMacBank F.S.B. with respect to the subject mortgage and thus entitled to commence the instant action." *Id.* at 2. A preliminary conference was also scheduled.

Sometime later, after issue was joined and discovery commenced, Defendants moved to dismiss the foreclosure action on three grounds: that plaintiff lacked capacity to maintain the action as it was not holder of the note or mortgage at the time the action was commenced; that the complaint failed to state a claim because plaintiff is not the holder of the note or mortgage; and that the note and mortgage annexed to the complaint have been modified and thus are no longer in full force and effect. By Order dated March 1, 2013, the state court noted that as issue had been joined, defendants could not proceed with their motion as a motion to dismiss under CPLR 3211(a)(1) or (3). Instead, the state court converted defendants' motion to dismiss to a motion for summary judgment. Order of 3/1/13, Donovan Decl., Ex. I. The court noted that as defendants "are not merely addressing the adequacy of the complaint but are seeking dispositive relief on the merits, a motion for summary judgment is the appropriate vehicle," and expressly gave the parties additional time to "submit such further proof on the motion as they shall determine to be necessary or advisable." *Id.* at 2.

By Order dated August 12, 2013, the state court granted Defendants' converted motion for summary judgment. Order of 8/12/13 ("SJ Order"), Donovan Decl., Ex. M. Despite the court's instruction regarding submission of proof, the court noted that Plaintiff again relied only upon the affirmation of an attorney with no personal knowledge of the facts and thus the affirmation "is without evidentiary value." *Id.* at 2. Additionally, the court found that the exhibits to that affirmation "even if they were properly authenticated, fail to establish, *prima facie,* plaintiff's standing to commence and maintain the instant foreclosure action." *Id.* at 2. In

this regard, the court discussed several documents proffered by plaintiff. It found that the Loan Sale Agreement between OneWest and the FDIC as receiver for IndyMac Federal by which OneWest purportedly acquired defendants' loan, was insufficient to show that OneWest was the holder of the note and mortgage. Although the Loan Sale Agreement purportedly included specific Loans identified on a Loan Schedule, the schedule provided to the court was blank and therefore the court concluded that plaintiff "failed to provide admissible proof that defendants' note and mortgage was included among those purportedly purchased pursuant to the agreement with the FDIC." *Id.* The court further identified various unanswered questions related to the Note, endorsement of the Note, and delivery of the Note to Plaintiff prior to commencement of the action.

For all these evidentiary deficiencies, the state court found that OneWest failed to "establish that it had standing to commence this foreclosure action." *Id.* at 3. Defendants' converted motion for summary judgment was granted, and judgment was entered in their favor on April 2, 2014. Donovan Decl., Ex. N. Plaintiff did not appeal the State Judgment.

**C. Complaint in this Action**

On October 7, 2014, Plaintiff commenced the instant case in this court seeking to declare the balance of the principal owed due and immediately payable, and to foreclose. An Amended Complaint was filed on September 23, 2016. In response to the Amended Complaint, Donovan filed an answer with nine counterclaims asserting violations of: (1) Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.* and Regulation Z; (2) Real Estate Settlement and Procedures Act of 1974, as amended ("RESPA"), 12 U.S.C. § 2601 *et seq.*; (3) Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639; (4) New York Banking Law Art. 12-D §419.2 (b); (5) New York General Business Law §349 ("NY GBL §349") claim for deceptive practices;

(6) breach of contract; (7) breach of fiduciary duty; (8) breach of warranty; and (9)[2] fraud in the inducement. Answer, DE [100]. Conroy asserted two counterclaims that are unlabeled, but appear to allege breach of contract, and entitlement to attorneys' fees. Amended Answer, DE [101].

## II. LEGAL STANDARDS

It is well-established that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In deciding a summary judgment motion, the district court must resolve all ambiguities and draw all reasonable inferences in the light most favorable to the opposing party, and "determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation and citations omitted). A fact is only material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986). However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano*, 557 U.S. 557, 586, 129 S. Ct. 2658 (2009) (internal quotation and citation omitted).

In addition, as one of the parties is appearing pro se, the Court views his submissions by a more lenient standard than that accorded to papers drafted by attorneys, and his papers are read liberally and interpreted "to raise the strongest arguments that they suggest." *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). Nevertheless, a pro se litigant must still adhere to the requirements of summary

---

[2] Defendants incorrectly numbered their ninth counterclaim as a second "eighth" counterclaim. The Court will treat the counterclaim asserted in ¶¶ 82-88 as the Ninth Counterclaim.

7

judgment and a court "cannot credit a plaintiff's merely speculative or conclusory assertions." *DiStiso v. Cook*, 691 F.3d 226, 230 (2d Cir. 2012).

## III. DISCUSSION

### A. Defendants' Motions for Summary Judgment

Defendants argue that dismissal is warranted under the doctrines of res judicata/claim preclusion and/or collateral estoppel/issue preclusion. The Court addresses each argument in turn.

#### 1. Res Judicata/Claim Preclusion

Defendants argue that Plaintiff's claims are barred by res judicata. "The doctrine of claim preclusion, or res judicata, bars the subsequent litigation of any claims that were or could have been raised in a prior action." *Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 776 F.3d 126, 128 (2d Cir. 2015) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S. Ct. 2424 (1981)); *see also Parker v. Blauvelt Volunteer Fire Co.*, 93 N.Y.2d 343, 347, 712 N.E.2d 647, 690 N.Y.S.2d 478 (1999) (under New York law, "res judicata or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action."). To find a claim precluded under New York law requires establishment of four elements: "(1) there must be a final judgment; (2) the judgment must have been on the merits; (3) the parties in the second action must be the same as those in the first; and (4) the claims must be the same in the first and second actions." *Sedacca v. Mangano*, No. 12-cv-1921, 2014 WL 1392224, at *3 (E.D.N.Y. Apr. 9, 2014) (internal quotation and citation omitted). New York takes a "transactional approach to res judicata" such that "'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.'" *Sosa v. JP Morgan Chase Bank*, 33 A.D.3d

609, 611, 822 N.Y.S.2d 122, 124 (N.Y. App. Div. 2006) (quoting *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357, 429 N.E.2d 1158, 445 N.Y.S.2d 687(1981)).

Defendants' arguments regarding claim preclusion fail because the state court decision was not "on the merits" for res judicata purposes. The state court clearly did not reach the merits of OneWest's foreclosure cause of action. Instead, the only issues litigated concerned the standing of the plaintiff bank to commence foreclosure proceedings. There is ample case law that a decision on standing is not "on the merits" for purposes of res judicata. *See Landau, P.C. v LaRossa, Mitchell & Ross*, 11 N.Y.3d 8, 14, 892 N.E.2d 380, 862 N.Y.S.2d 316 (2008) (recognizing that "when the disposition of a case is based upon a lack of standing only, the lower courts have not yet considered the merits of the claim."); *Wells Fargo Bank, N.A. v. Ullah*, No. 13 Civ. 0485, 2014 WL 470883, at n.4 (S.D.N.Y. Feb. 6, 2014). As the state court decision was not on the merits of the foreclosure claim, this action is not barred by res judicata.

2. Collateral Estoppel/Issue Preclusion

Defendants also argue that Plaintiff's claims are barred by issue preclusion, also referred to as collateral estoppel, which "bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006) (citing *Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449, 455-56, 482 N.E.2d 63, 492 N.Y.S.2d 584 (1985)). The "fundamental notion [of collateral estoppel] is that an *issue of law or fact* actually litigated and decided by a court of competent jurisdiction in a prior action may not be relitigated in a subsequent suit between the same parties or their privies." *United States v. Alcan Aluminum Corp.*, 990 F.2d 711, 718–19 (2d Cir. 1993) (emphasis in original); *see also Ullah*, 2014 WL 470883, at *4

(pursuant to issue preclusion, "[a]fter a New York court decides an issue in a given case, no party to that case may dispute the same issue in a new lawsuit."). Defendants claim that the issue of OneWest's standing to commence a foreclosure proceeding was decided in the state action and thus may not be relitigated here. The Court agrees.

Courts in this Circuit "routinely apply collateral estoppel to the issue of standing." *Vaccaro v. Bank of Am. N.A.*, No. 13-CV-2484, 2016 WL 4926201, at *5 (S.D.N.Y. Sept. 15, 2016); *see also Lefkowitz v. McGraw-Hill Global Educ. Holdings, LLC*, 23 F. Supp. 3d 344, 361 (S.D.N.Y. 2014) (party collaterally estopped from relitigating standing where prior court "held that Plaintiff lacked standing"); *Hollander v. Members of the Bd. of Regents of the Univ. of the State of N.Y.*, No. 10 CIV. 9277, 2011 WL 5222912, at *2 (S.D.N.Y. Oct. 31, 2011), *aff'd*, 524 F. App'x 727 (2d Cir. 2013) (summary order); *New Phone Co. v. New York City Dep't of Info. Tech. and Telecomms.*, No. 05-CV-1702, 2011 WL 6132256, at *8 (E.D.N.Y. Mar. 7, 2011) ("Unlike res judicata, dismissal of the [prior] complaint is given preclusive effect on the standing issue."). There is no question that the identical issue of Plaintiff's standing to commence a foreclosure action was raised and decided by the state court.

In addition, Plaintiff had ample opportunity to litigate the issue of its standing to commence the foreclosure action.[3] The state court put Plaintiff on notice of the deficiencies of its submissions regarding standing when it denied Plaintiff's initial motion for summary judgment, ruling that an affirmation from an attorney with no personal knowledge of the facts would not suffice. Subsequently, in the order converting defendants' motion to dismiss to a motion for summary judgment, the court expressly gave the parties an opportunity to supplement their submissions, directing them to "submit such further proof on the motion as they shall

---

[3] Plaintiff CIT Bank does not suggest, nor does the evidence support an argument, that its corporate name change makes it a different party from OneWest, the named plaintiff in the state action.

determine to be necessary or advisable." Instead of providing proof, however, OneWest instead submitted "only the affirmation of its attorney, who does not have personal knowledge of the facts asserted therein," SJ Order at 2, and various incomplete or otherwise inadmissible documents.

It is clear from the orders issued in the state court that OneWest knew, or certainly should have known, that there was an issue regarding its standing, and that it was afforded opportunities to contest the issue. The state court's decision was not made in an early stage of the litigation, but rather after issue was joined and discovery conducted. Significantly, the state court converted Defendants' motion to dismiss to one for summary judgment, a decision that put Plaintiff on notice that it needed to put forth its best evidence regarding its standing. Despite this implicit warning and multiple opportunities to establish standing, Plaintiff failed to do so and the state court granted summary judgment on that issue in Defendants' favor. Accordingly, Plaintiff is precluded from re-litigating this issue here.

As Plaintiff is estopped from asserting that it has standing to foreclose, the Court declines to consider the merits of Plaintiff's foreclosure claim against Defendants.

**B. Plaintiff's Cross-Motion for Summary Judgment on Defendants' Counterclaims**

Plaintiff also cross-moved for summary judgment on the counterclaims asserted by the Defendants. Neither Defendant, however, has addressed Plaintiff's arguments seeking dismissal of their counterclaims. See Def. Conroy Memorandum of Law in Opposition, DE [135-34]; Def. Donovan Memorandum of Law in Opposition, DE [138-1]. It is clear that "Federal courts have the discretion to deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way. *Hardy v. City of New York,* 732 F. Supp. 2d 112, 125 (E.D.N.Y. 2010) (internal quotations and

citation omitted); *see also Lara v. Delta Int'l Mach. Corp.*, 174 F. Supp. 3d 719, 746 (E.D.N.Y. 2016) (claims deemed abandoned where party failed to address those claims in opposition to a motion for summary judgment); *Douglas v. Victor Capital Grp.*, 21 F. Supp. 2d 379, 393 (S.D.N.Y. 1998) (holding where defendant's summary judgment papers specifically address claims raised in complaint, and plaintiff's opposition papers fail to respond to such arguments, court may deem all such claims abandoned and grant summary judgment as to such claims). In light of their failure to respond to Plaintiff's arguments, Defendants' counterclaims are deemed abandoned,[4] and Plaintiff's motion with respect to these counterclaims is, therefore, granted.[5]

## IV. CONCLUSION

Defendants' motions for summary judgment are granted, and Plaintiff's cross-motion for summary judgment on its complaint is denied. Plaintiff's motion for summary judgment on Defendants' counterclaims is granted. The case is closed.

SO ORDERED.

_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       May 3, 2017

---

[4] The Court notes that although Donovan is appearing pro se, Plaintiff served him with the requisite Notice pursuant to Local Civil Rule 56.2. *See* DE [135-32]. Thus, Donovan was apprised of the consequences of failing to respond to Plaintiff's motion.

[5] Without regard to their legal sufficiency, any possible claims are likely barred by the various statutes of limitations – six years for breach of contract, breach of warranty, fraud in the inducement, breach of fiduciary duty (3-years under some circumstances); 3-years for claims under RESPA; 1-year for claims under TILA, Regulation Z, HOEPA, NY GBL §349. The bulk of the counterclaims, first asserted on November 25, 2014 in Defendants' answer to the original complaint, arise from the alleged conduct of IndyMac during the negotiation and execution of the loan agreement and loan modifications. The last such modification was executed on or about June 1, 2008, more than six years before the counterclaims were made.