UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

№ 14-CV-5862 (JFB)(AKT)
_____

CIT BANK N.A.,

Plaintiff,

VERSUS

TARA CONROY A/K/A TARA DONOVAN, ET AL.,

Defendants.

_____

**MEMORANDUM AND ORDER**
July 20, 2018
_____

JOSEPH F. BIANCO, District Judge:

By Memorandum and Order dated May 3, 2017 ("the Order"), the Honorable Leonard D. Wexler[1] granted separate motions for summary judgment by defendants Tara Conroy and James Donovan (together, "defendants"), denied plaintiff's cross-motion for summary judgment on its affirmative claims, granted plaintiff's motion for summary judgment on defendants' counterclaims, and dismissed the complaint. (ECF No. 148.) Presently before the Court is plaintiff's motion for reconsideration of the Order. (ECF No. 150.) For the reasons that follow, plaintiff's motion is granted.

I. BACKGROUND

The Court assumes familiarity with the facts and procedural history of this case, and will provide only a brief overview for purposes of the instant motion.

A. State Court Foreclosure Action

Plaintiff CIT Bank, N.A. ("plaintiff" or "CIT Bank"), then known as OneWest Bank, N.A. ("OneWest"),[2] commenced this action in state court on August 9, 2009, to foreclose on a mortgage encumbering real property.

---

[1] This case was reassigned to the undersigned on April 10, 2018.

[2] During this litigation, OneWest's parent was acquired by CIT Group Inc., and OneWest's name was changed to CIT Bank N.A. Plaintiff's motion to amend the complaint to, *inter alia*, change its name on the caption was granted by Order dated September 15, 2015. (ECF. No. 95.)

The at-issue mortgage secured a $600,000 loan that defendants obtained from IndyMac Bank, F.S.B. ("IndyMac") on April 25, 2007 ("the Note"). In July 2008, IndyMac was closed by the Office of Thrift Supervision. The Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver, and IndyMac's assets were transferred to IndyMac Federal Bank ("IndyMac Federal").

On March 19, 2009, OneWest acquired "substantially all" of IndyMac Federal's assets. Thereafter, on August 9, 2009, OneWest instituted a foreclosure action against defendants, claiming that defendants had defaulted on their loan payments starting in February 2009. OneWest immediately moved for summary judgment. By order dated December 15, 2010, the state court denied OneWest's motion, finding that there was no admissible proof that OneWest was the successor in interest to IndyMac Federal with respect to defendants' loan and thus had standing to commence the lawsuit. (Donovan Decl. Ex. G at 2, ECF No. 137-2.) The state court noted that the affirmation of plaintiff's corporate officer was silent as to standing, and that the only support for a finding that OneWest had standing was counsel's bare allegation that standing existed. The state court's order did not address whether OneWest asserted that it possessed the Note.

After the state court denied OneWest's motion for summary judgment, defendants moved to dismiss on several grounds including, *inter alia*, lack of standing. The state court converted the motion to dismiss to a motion for summary judgment, and gave the parties time to "submit such further proof on the motion as they determine to be necessary or advisable." (Donovan Decl. Ex. I at 2, ECF No. 137-3.)

On August 12, 2013, the state court granted summary judgment to defendants. (*See generally* Donovan Decl. Ex. M., ECF No. 137-3). The state court found that plaintiff had not established that it had standing to commence the action, noting that plaintiff had again relied on an affirmation from its attorney, who did not have personal knowledge of the facts asserted therein. (*Id.* at 2.) The state court also found the documentary evidence submitted by plaintiff to be insufficient to establish standing. In particular, the state court referenced the submission by plaintiff of a copy of the Note that included an endorsement-in-blank by an officer of IndyMac and two purported allonges to the Note executed by an attorney-in-fact for FDIC as receiver for IndyMac Federal. The state court observed that "[a]ll of the foregoing documents are undated, and there is no proof in admissible form as to when they were executed, assuming they are otherwise valid." (*Id.* at 2-3.) Addressing proof of assignment submitted by plaintiff, the court found that the proffered documents failed to establish that defendants' loan was one of the assets acquired by OneWest from IndyMac Federal. In the absence of proof of OneWest's standing on August 7, 2009, the date OneWest commenced the state court action, the state court granted defendants' motion for summary judgment.

B. Federal Foreclosure Action

Plaintiff commenced this foreclosure action on October 7, 2014. As to its standing, plaintiff alleged that the "[a]llonge affixed to the Note transferred the Note to Plaintiff." (Am. Compl. ¶ 22.)[3] The Amended Complaint did not provide the date on which this transfer took place, but did provide that IndyMac assigned the mortgage to plaintiff on June 18, 2010, and that the assignment was recorded on July 19, 2010. (*Id.* ¶ 23.) It

---

[3] Plaintiff filed an Amended Complaint on September 23, 2016. The allegations identified in this decision were contained in both the original complaint and the Amended Complaint.

further states that, "[t]o date, Plaintiff remains the owner and holder of the Note and Mortgage." (*Id.* ¶ 24.)

At the close of discovery, the parties cross-moved for summary judgment. Defendant Conroy's motion was limited to the argument that plaintiff was precluded from bringing this action under the doctrines of res judicata and collateral estoppel. Defendant Donovan echoed these arguments and raised others, including an attack on the sufficiency of any assignment. Plaintiff cross-moved for summary judgment on its foreclosure claim and on defendants' counterclaims.

In the Order, the Court determined that, although plaintiff's claims were not precluded by res judicata, collateral estoppel barred plaintiff from re-litigating its standing to bring the action. After reviewing the opportunities given to plaintiff to provide proof of its standing, the Court summarized the basis for its decision as follows:

> It is clear from the orders issued in the state court that [plaintiff] knew, or certainly should have known, that there was an issue regarding its standing, and that it was afforded opportunities to contest the issue. The state court's decision was not made in an early stage of the litigation, but rather after issue was joined and discovery conducted. Significantly, the state court converted Defendants' motion to dismiss to one for summary judgment, a decision that put Plaintiff on notice that it needed to put forth its best evidence regarding its standing. Despite this implicit warning and multiple opportunities to establish standing, Plaintiff failed to do so and the state court granted summary judgment on that issue in Defendants' favor. Accordingly, Plaintiff is precluded from re-litigating this issue here.

(ECF No. 148 at 11.) The Court granted defendants' motions solely on collateral estoppel grounds. In light of this decision, the Court declined to consider the merits of plaintiff's foreclosure claim and denied its motion for summary judgment without further discussion. The Court did, however, grant summary judgment to plaintiff on defendants' counterclaims.

Plaintiff now claims that the issue of its standing to commence the state court action has no bearing on its standing to commence the instant action. It argues that the Court overlooked the basis for the state court's ruling on standing and, as a result, improperly found that plaintiff was precluded from establishing standing in this action.

II. LEGAL STANDARDS

Plaintiff moves under Local Civil Rule 6.3 for reconsideration of the Order. Motions for reconsideration are subject to a strict standard, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Grounds for reconsideration exist when the movant "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). Decisions on motions for reconsideration are committed to the sound discretion of the district court. *E.g.*, *Suffolk Fed. Credit Union v. Cumis Ins. Soc., Inc.*, 958 F. Supp. 2d 399, 402 (E.D.N.Y. 2013).

3

## III. DISCUSSION

It is clear that, "[u]nder New York law, '[a] plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note." *E. Sav. Bank v. Thompson*, 631 F. App'x 13, 15 (2d Cir. 2015) (quoting *Wells Fargo Bank N.A. v. Rooney*, 19 N.Y.S.3d 543, 544 (2d Dep't 2015)). To determine whether a plaintiff has standing to foreclose on a mortgage, a court "must determine whether Plaintiff is the holder of the Note," which "may be established through physical possession of the Note or written assignment." *OneWest Bank, N.A. v. Guerrero,* No. 14-CV-3754 (NSR), 2016 WL 3453457, at *3 (S.D.N.Y. June 17, 2016).

Plaintiff seeks reconsideration of the Order to the extent the Order concluded that CIT Bank's standing to bring this action as the holder of the Note is precluded by the state court's decision.[4] Specifically, CIT Bank contends that the state court's decision pertained only to standing as of August 9, 2009, the date on which it filed the state court action, and not to the question of standing on October 7, 2014, the date on which it brought the instant action. In other words, CIT Bank claims that the issue of whether it had possession of the endorsed Note on the earlier date is not identical to the question of whether it had possession on the later date. Implicit in CIT Bank's argument is the representation that the endorsement-in-blank and allonges were executed at some point after the state court action was commenced, but before initiation of the federal case.

New York courts permit subsequent actions to cure a lack of standing in certain circumstances. The cases permitting a party to effect such a cure rely on the premise that, although the party did not have standing at the time the first action was commenced, there has been some change in circumstances that would allow that party to proceed in a subsequent action. Thus, a complaint seeking to foreclose a mortgage may be dismissed without prejudice where the mortgage had yet to be assigned at the time the foreclosure action was commenced. *See LaSalle Bank N.A. v. Ahearn*, 875 N.Y.S.2d 595, 597-98 (3d Dep't 2009); *see also Wells Fargo Bank, N.A. v. Ullah*, No. 13 CIV. 0485 JPO, 2014 WL 2117243, at *3 (S.D.N.Y. May 21, 2014) (granting plaintiff leave to amend in foreclosure action and noting plaintiff must allege standing based on "different circumstances" than those before the state court); *Springwell Navigation Corp. v. Sanluis Corporacion, S.A.*, 917 N.Y.S.2d 560, 560-61 (1st Dep't 2011) (finding that a plaintiff whose initial action was dismissed for lack of standing "is not precluded from reasserting the same claims based on newly conferred rights that cured the lack of standing").

Here, the state court expressed concern regarding whether the endorsement and allonges to the Note were executed before or after that action was commenced. It noted that these attachments were not part of the original exhibit to the complaint, and that the provision of these materials on summary judgment "suggest[ed] that they were executed after the action was commenced." (Donovan Decl. Ex. M. at 3, ECF No. 137-3.) The state court concluded that, in the absence of proof that these documents were executed prior to commencement of the suit, it could not find that the plaintiff had standing as the "lawful holder of the note either by delivery or valid assignment of the note to it." (*Id.*

---

[4] Plaintiff states that it disagrees with the Order's finding that standing based on assignment of the Note was precluded by the state court decision, but does not challenge that finding on this motion. (ECF No. 150 at 3 n.2.)

4

(citation omitted).) Thus, the state court's decision was concerned only with whether the plaintiff had standing when the state court foreclosure action was filed, and not after.

Here, CIT Bank has submitted affirmations from its corporate representative and its counsel establishing that CIT Bank possessed the Note at the time it commenced this action. CIT Bank's corporate representative affirms that the Note, bearing the endorsements-in-blank, was transferred to foreclosure counsel on May 29, 2014. (Marks Aff. ¶ 11, ECF No. 135-21.) Foreclosure counsel affirms that he received the Note and endorsements-in-blank on May 30, 2014 (Jacobson Aff. ¶¶ 3-4, ECF No. 135-14) and, thus, that CIT Bank possessed the Note when this action was filed on October 7, 2014. Defendants have not disputed that CIT Bank possessed the Note when it filed this action. Transfer of the Note after August 9, 2009 conferred rights on CIT Bank that it did not possess when it commenced the state court foreclosure action. Given that CIT Bank's current basis for asserting standing is not the same as that asserted in state court, it is not precluded from seeking foreclosure in this court.[5]

Accordingly, CIT Bank's motion for reconsideration is granted, and on reconsideration, defendants' motion for summary judgment based on collateral estoppel is denied. Furthermore, the Order is vacated to the extent that CIT Bank's motion for summary judgment was denied. In light of the instant order, the Court will consider CIT Bank's motion and any arguments made by defendant Donovan that were not addressed previously.[6]

V. CONCLUSION

For the foregoing reasons, the Court grants CIT Bank's motion for reconsideration and, on reconsideration, denies defendants' motions for summary judgment on the basis of collateral estoppel. The parties' remaining arguments for and against summary judgment will be addressed by separate decision.

SO ORDERED.

JOSEPH F. BIANCO
United States District Judge

Dated: July 20, 2018
Central Islip, NY

\*\*\*

Plaintiff is represented by Allison J. Schoenthal and Nicole E. Schiavo of Hogan Lovells US LLP, 875 Third Avenue, New York, New York 10022 and Andrew L. Jacobson of Windels Marx Lane & Mittendorf, LLP, 156 West 56th Street, New York, New York 10019. Defendant Tara Conroy a/k/a Tara Donovan is represented by Christopher Thompson of the Law Offices of Christopher Thompson, 33 Davison Lane East, West Islip, New York 11795. Defendants James Donovan, Annmarie Clarke, and Fastina Blake proceed *pro se*.

---

[5] The Court does not rule on the legal sufficiency of these materials at this time, it decides only that CIT Bank is not collaterally estopped from proceeding with its claims.

[6] Defendant Conroy's motion is now denied in its entirety.