# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---

№ 14-CV-5862 (JFB) (AKT)

---

CIT BANK, N.A.,

Plaintiff,

VERSUS

TARA CONROY A/K/A TARA DONOVAN, ET AL.,

Defendants.

---

**MEMORANDUM AND ORDER**
October 5, 2018

---

JOSEPH F. BIANCO, District Judge:

Plaintiff CIT Bank, N.A. ("plaintiff" or "CIT Bank") brings this action against James Donovan ("defendant" or "Donovan") and Tara Conroy (also known as Tara Donovan) to foreclose on a mortgage encumbering real property ("the Subject Property") pursuant to New York's Real Property Actions and Proceedings Law ("RPAPL") Section 1301, *et seq.* Presently before the Court are Donovan's motion for summary judgment and CIT Bank's cross-motion for summary judgment. For the reasons set forth below, the Court concludes that the uncontroverted evidence demonstrates that CIT Bank is entitled to summary judgment. Accordingly, Donovan's motion for summary judgment is denied and CIT Bank's cross-motion for summary judgment is granted.

## I. BACKGROUND

### A. Facts

The Court assumes familiarity with the facts and procedural history of this case, and summarizes only the facts and history pertinent to the pending motions. The Court takes the following facts from the parties' Rule 56.1 Statements, affidavits and exhibits.[1] Unless otherwise noted, where a

---

[1] Because both parties moved for summary judgment, multiple Local Rule 56.1 statements were submitted. Defendant Donovan's statement in support of his motion will be cited as "Def.'s 56.1"; plaintiff's statement in opposition to defendant's motion will be cited as "Pl.'s Opp. 56.1"; plaintiff's statement in support of its motion will be cited as "Pl.'s 56.1"; and defendant's statement in opposition to plaintiff's motion will be cited as "Def.'s Opp. 56.1." The Court notes that defendant filed two Rule 56.1 statements in

Rule 56.1 statement is cited, that fact is undisputed or the opposing party has not pointed to any contradictory evidence in the record.

### 1. Note and Mortgage

As noted, plaintiff brings this action against defendants, under RPAPL § 1301 *et seq.* to foreclose on the Subject Property and to declare the balance of the principle due and immediately payable under the terms of a Note and Mortgage (collectively, the "Loan") executed on April 25, 2007. (Pl.'s 56.1 ¶ 4.) The Note was executed by defendants in favor of non-party IndyMac Bank, FSB ("IndyMac") in the principal sum of $600,000, secured by a lien on the Subject Property. (Pl.'s 56.1 ¶¶ 4-5; *see also* Marks Aff. Ex. A.) The Note and Mortgage both state that the failure to make each monthly payment in full on the due date will constitute a default. (Marks Aff. Ex. A ¶ 7(B), Ex. B ¶ 11.) According to the terms of the Mortgage, the mortgagee may send a notice of default to the mortgagors, notifying them that the overdue amount must be paid by a certain date. (Marks Aff. Ex. B ¶ 22.) If the mortgagors fail to pay by that date, Paragraph 22 of the Mortgage allows the mortgagee to require immediate payment in full of the remaining unpaid amount. (*Id.*)

The Loan was subject to two modifications. First, a Modification Agreement, executed on October 28, 2007, extended the construction period by sixty days, added a prepayment penalty, and released the interest rate lock commitment, requiring that it float "until the Permanent Loan is signed." (Donovan Decl. Ex. C ¶ 3(e)). Second, on or about June 1, 2008, IndyMac and defendants executed a Modification Agreement entitled "Roll-to-Perm," which changed the interest rate and monthly payment on the Note. (Marks Aff. Ex. C.)

In July 2008, IndyMac was closed by the Office of Thrift Supervision. (Marks Aff. ¶ 7.) The Federal Deposit Insurance Corporation ("FDIC") was appointed as Receiver, and IndyMac's assets were transferred to IndyMac Federal Bank ("IndyMac Federal"). (*Id.*) On March 19, 2009, OneWest Bank N.A. ("OneWest") acquired "substantially all" of the assets of IndyMac Federal pursuant to a Master Purchase Agreement and a Loan Sale Agreement ("LSA"). (Marks Aff. ¶¶ 8-9.)

CIT Bank, which was formerly called OneWest,[2] attests that the Loan is one of the assets it acquired from IndyMac Federal, as reflected in a Loan Schedule attached to the LSA. (Marks Aff. Ex. D.) Though difficult to read, the Loan Schedule lists the address of the Subject Property, as well as certain other identifying features of the Loan. (*Id.*) On July 18, 2010, OneWest recorded a copy of the assignment of the Mortgage from IndyMac Federal to OneWest in the Suffolk County Clerk's Records Office with an effective date of March 19, 2009. (*See* ECF No. 3-1.)

When plaintiff filed the complaint in this action, it also filed a Certificate of Merit attaching the Note indorsed by IndyMac in blank and two allonges to the Note. (*Id.*) As

---

opposition to plaintiff's motion for summary judgment: one is dated February 4, 2017 (ECF No. 135-35), and the other is dated February 15, 2017 (ECF No. 136-3). The Rule 56.1 statements are slightly different. Therefore, for purposes of the instant motion, the Court will cite to the February 15, 2017 version, but has considered both statements filed by defendant.

[2] In 2014, plaintiff changed its name from OneWest Bank, FSB to OneWest Bank N.A. and then changed its name again to CIT Bank, N.A. (Marks Aff. ¶ 10.) There is no dispute that OneWest and CIT Bank are the same entity.

to the alonges attached to the Note, each is titled "ALLONGE TO NOTE" and states the following: "For purposes of further endorsement of the following described Note, the alonge is affixed and becomes a permanent part of said Note." (Marks Aff. Ex. A at 10-11.) The alonges differ in that one contains a specific indorsement making the Note payable to "ONEWEST BANK, FSB, WITHOUT RECOURSE" and is signed by Sandra Schneider as "Attorney-In-Fact" on behalf of the "FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for IndyMac Federal Bank, FSB, successor to IndyMac Bank, F.S.B." (*id.* at 10) while the other alonge is indorsed in blank, and is signed by Sandra Schneider in her capacity as "Vice President of OneWest Bank, FSB." (*Id.* at 11.) Both alonges are undated. (*See id.* at 10-11.)

In an affirmation signed and dated January 30, 2017, CIT Bank's foreclosure counsel affirmed that he received the Note and indorsements-in-blank from CIT Bank on May 30, 2014 (Jacobson Aff. ¶¶ 3-4, ECF No. 135-14) and, thus, that CIT Bank possessed the Note when this action was filed on October 7, 2014.

2. The Default

Plaintiff alleges that defendants breached the Loan by failing to make the monthly payment due on February 1, 2009, and all subsequent monthly payments due thereafter. (Marks Aff. ¶ 12.) On May 9, 2009, IndyMac sent a letter to defendants by certified mail informing them that they were in default and that a payment of $17,054.89 was due on or before June 9, 2009, to cure the default. (Donovan Decl. Ex. E.) Following defendants' continued default of the loan, on June 11, 2014, pursuant to paragraph 22 of the Mortgage, plaintiff mailed notices of default to James Donovan and Tara Conroy individually, by certified and regular mail. (Marks Aff. ¶ 13; Pl's 56.1 ¶ 15.) Plaintiff

attached to the Marks Affidavit copies of the default notices and the transaction report confirming the date the notices were sent to defendants. (*See* Marks Aff. Exs. F, G.) In accordance with RPAPL § 1304, on June 11, 2014, plaintiff mailed ninety-day pre-foreclosure notices to each defendant by certified and regular mail. (Marks Aff. Ex. H; Pl's 56.1 ¶ 16.) Plaintiff attached a transaction report to the Marks Affidavit confirming that the ninety-day notices were sent to defendants. (Marks Aff. Ex. G, Transaction Report.) Plaintiff avers that $592,405.03 remains due on the Loan. (Pl's 56.1 ¶ 17; Marks Aff. ¶¶ 12, 16.)

Defendant contends that he made the February 1, 2009 payment, but that plaintiff misapplied that payment. (Def.'s Opp. 56.1 ¶ 14.) He also claims, without offering any evidence, that "the Loan was paid through March 1, 2016." (Def.'s Mem. at 20.) Defendant does not dispute that he received the ninety-day notice, but instead argues that the notice failed to comply with the requirements of RPAPL § 1304 because the Notice provided February 1, 2009 as the date of defendants' initial default on the loan. (Def's Opp. 56.1 ¶¶ 15-16.) He further claims that he only received the Notice by certified mail. (*Id.*)

B. Procedural History

On August 9, 2009, plaintiff, then known as OneWest, commenced a state court action in New York Supreme Court, Suffolk County ("the State Action"), attempting to foreclose on the Subject Property. Plaintiff immediately moved for summary judgment. By Order dated December 15, 2010, the state court denied OneWest's motion, finding that there was no admissible proof that OneWest was the successor in interest to IndyMac Federal with respect to defendants' Loan and thus had no standing to commence the lawsuit. Following defendants' subsequent motion to dismiss plaintiff's claim, the state

court converted the motion to one for summary judgment and, on August 12, 2013, granted summary judgment to defendants. The court found that plaintiff had failed to submit sufficient evidence to establish standing as of the date the State Action was filed.

On October 7, 2014, plaintiff initiated the instant action, amending its complaint on September 23, 2016. (ECF No. 97.) Following discovery, defendants moved for summary judgment. (ECF Nos. 135-11, 136.) Defendant Conroy's motion was limited to the argument that plaintiff was precluded from bringing this action under the doctrines of *res judicata* and collateral estoppel. Defendant Donovan also asserted those arguments, but also raised others, including an attack on the sufficiency of the assignment and indorsement of the Note, failure to give proper notice pursuant to RPAPL § 1304, lack of subject matter jurisdiction under the *Rooker Feldman* doctrine, and judicial estoppel. Plaintiff cross-moved for summary judgment on its foreclosure claim and on defendants' counterclaims. (ECF No. 135-31.)

By Memorandum and Order dated May 3, 2017, the Honorable Leonard D. Wexler granted defendants' motions for summary judgment based solely on collateral estoppel,[3] denied plaintiff's motion for summary judgment on its affirmative claims, but granted plaintiff's motion for summary judgment on defendants' counterclaims, and dismissed the complaint. (ECF No. 148.)

On May 17, 2017, plaintiff filed a motion for reconsideration of the May 3, 2017

Order's conclusion that plaintiff's claims were barred by the doctrine of collateral estoppel. (ECF No. 150.) By Memorandum and Order dated July 20, 2018, this Court granted plaintiff's motion for reconsideration, and on reconsideration, denied defendants' motions for summary judgment on the basis of collateral estoppel. (ECF No. 154.)[4] The Court did not reach the merits of the parties' remaining arguments. (*See id.*)

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(a), a court may grant a motion for summary judgment only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013). The moving party bears the burden of showing that he or she is entitled to summary judgment. *Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The court "is not to weigh the evidence but is instead required to view the evidence in the

---

[3] In light of its previous state foreclosure action against defendants, the Court found that the plaintiff was estopped from asserting that it had standing to foreclose, and therefore declined to consider the merits of plaintiff's foreclosure claim against defendants. (*Id.* at 5.)

[4] Because defendant Tara Conroy's motion for summary judgment asserted only that plaintiff's foreclosure claim was barred by collateral estoppel, the Court denied that motion in its entirety on reconsideration.

light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (quoting *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996)); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he non-moving party must come forward with specific facts showing that there is a *genuine issue for trial*." *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). As the Supreme Court stated in *Anderson*, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." 477 U.S. at 249-50 (citations omitted). Indeed, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247-48. The non-moving party may not rest upon conclusory allegations or denials but must set forth "concrete particulars" showing that a trial is needed. *R.G. Grp., Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (quoting *SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978)). Thus, it is insufficient for a party opposing summary judgment "merely to assert a conclusion without supplying supporting arguments or facts." *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996).

Where, as here, the parties have filed cross-motions for summary judgment, "the court must consider each motion independently of the other and when evaluating each, the court must consider the facts in the light most favorable to the nonmoving party." *Chartis Seguros Mexico, S.A. de C.V. v. HLI Rail & Rigging, LLC*, 3 F. Supp. 3d 171, 179 (S.D.N.Y. 2014); *see also Heublein, Inc. v. United States*, 996 F.2d 1455, 1461 (2d Cir. 1993) ("[T]he court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." (citing *Schwabenbauer v. Bd. of Educ. of Olean*, 667 F.2d 305 (2d Cir. 1981))).

### III. DISCUSSION

A. Mortgage Foreclosure

Under New York law, a mortgage is "merely security for a debt or other obligation." *United States v. Freidus*, 769 F. Supp. 1266, 1276 (S.D.N.Y. 1991) (quoting 77 N.Y. Jur. 2d, Mortgages § 2); *accord Rivera v. Blum*, 420 N.Y.S.2d 304, 308 (Sup. Ct. 1978) ("A mortgage is a security for a debt representing a lien on the mortgaged premises."). The "mortgagor is bound by the terms of his contract as made" and, in the event of a default, cannot be relieved from the default unless "waive[d] by the mortgagee," or where there is "estoppel, or bad faith, fraud, oppressive or unconscionable conduct" on the part of the mortgagee. *Freidus*, 769 F. Supp. at 1276 (quoting *Nassau Tr. Co. v. Montrose Concrete Prods. Corp.*, 56 N.Y.2d 175, 183 (1982)) (collecting cases).

To establish a prima facie case in a foreclosure action, New York courts require that the plaintiff demonstrate "the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment." *Campaign*

v. *Barba*, 805 N.Y.S.2d 86, 86 (2d Dep't 2005); *see also Freidus*, 769 F. Supp. at 1277 (stating that in foreclosure actions, "the essential requirements of the plaintiff's case are proof of the existence of an obligation secured by a mortgage, and a default on that obligation"). Once the plaintiff establishes a prima facie case, it has a presumptive right to foreclose. *See Fleet Nat'l Bank v. Olasov*, 793 N.Y.S.2d 52, 52 (2d Dep't 2005) (collecting cases).

The burden then shifts to the defendant to raise a triable issue of fact, including with respect to any alleged defenses or counterclaims. *Id.* at 52-53; *see also U.S. Bank Tr. Nat'l Ass'n Tr. v. Butti*, 792 N.Y.S.2d 505, 506 (2d Dep't 2005) (affirming summary judgment where "plaintiff produced the note and mortgage executed by the appellant, as well as evidence of nonpayment," and "[a]ccordingly, it was incumbent upon the appellant to produce evidentiary proof in admissible form sufficient to require a trial of his defenses," but "appellant failed to do so"); *Republic Nat'l Bank of N.Y. v. O'Kane*, 764 N.Y.S.2d 635, 635 (2d Dep't 2003) (same).

As discussed more fully below, plaintiff has established the required elements of foreclosure. Specifically, plaintiff has produced the Note and Mortgage as attachments to its complaint and again as exhibits in support of its motion for summary judgment. Additionally, plaintiff has produced the LSA demonstrating the assignment of the Loan to OneWest. Further, plaintiff has provided proof of defendants'

default in the form of unrebutted affidavit testimony and copies of the notice of default and pre-foreclosure notice sent to defendants.

Defendant raises a number of defenses to foreclosure, contending that he is entitled to judgment as a matter of law. Specifically, defendant contends that plaintiff lacks standing to foreclose on the mortgage. He further claims that judicial estoppel bars plaintiff's claim and that this Court lacks subject matter jurisdiction pursuant to the *Rooker Feldman* doctrine.[5] However, as discussed below, the Court finds that defendant fails to raise any triable issue of fact, and concludes that, having established its standing to foreclose on defendants' mortgage and the requisite elements of foreclosure based on uncontroverted evidence, plaintiff is entitled to judgment as a matter of law.

1. Standing

First, defendant challenges plaintiff's standing to bring this foreclosure action by claiming that the assignment of the Note to plaintiff was invalid and/or that plaintiff otherwise does not have proper possession of the Note. (*See* Def.'s Mem. at 15-18.) "Where standing is raised as a defense by the defendant, the plaintiff is required to prove its standing before it may be determined whether the plaintiff is entitled to relief." *1077 Madison St., LLC v. Smith*, 670 F. App'x 745, 746 (2d Cir. 2016) (quoting *U.S. Bank, N.A. v. Sharif*, 933 N.Y.S.2d 293, 295 (2d Dep't 2011)). In this regard, "[u]nder New York law, '[a] plaintiff establishes its

---

[5] The Court notes that defendant appears to have abandoned the defenses of judicial estoppel and the *Rooker-Feldman* doctrine in his opposition to plaintiff's cross-motion for summary judgment. However, in light of defendant's *pro se* status, the Court address them here. *See Jackson v. Fed. Exp.*, 766 F.3d 189, 197-98 (2d Cir. 2014) ("Where a partial response to a motion is made—i.e., referencing some claims or defenses but not others—a distinction

between *pro se* and counseled responses is appropriate. In the case of a *pro se*, the district court should examine every claim or defense with a view to determining whether summary judgment is legally and factually appropriate. In contrast, in the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned.")

standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note.'" *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 222 (2d Cir. 2016) (quoting *Wells Fargo Bank, N.A. v. Rooney*, 19 N.Y.S.3d 543, 544 (2d Dep't 2015)). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident." *Id.* (citations omitted).

"Holder status is established where the plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff." *E. Sav. Bank, FSB v. Thompson*, 631 F. App'x 13, 15 (2d Cir. 2015) (quoting *Wells Fargo Bank, N.A. v. Ostiguy*, 8 N.Y.S.3d 669, 671 (3d Dep't 2015)). "New York courts have repeatedly held that proof of physical possession—such as the affidavits of OneWest's corporate representative and counsel in this case—is sufficient on its own to prove a plaintiff's standing to foreclose on the mortgage associated with the note." *Melina*, 827 F.3d at 223 ("OneWest thus had no obligation to provide details pertaining to the transfer or delivery of [the defendant's] [n]ote in order to prove its standing to foreclose on the associated mortgage.").

Here, plaintiff is the holder of the Note. Plaintiff has demonstrated that it received the Note by physical delivery and that it possessed the Note—which contains an indorsement in blank—at the time it initiated the instant foreclosure proceeding. (Marks Aff. Ex. A.) Andrew L. Jacobson, foreclosure counsel to CIT Bank, affirmed that his law firm received the original Note, with allonges, on or about, May 30, 2014, and, thus, that CIT Bank possessed the Note when this action was filed on October 7, 2014, and retained possession through the date of his affirmation, January 30, 2017. (Jacobson Affirm. ¶¶ 1, 3-4.) Additionally, the Assistant Vice President of CIT Bank stated in her affidavit that, on May 29, 2014, the collateral file, including the original indorsed Note, was sent to CIT Bank's attorneys. (Marks Aff. ¶ 11.) The Marks Affidavit and Jacobson Affirmation provide sufficient evidence of physical possession to prove plaintiff's standing to foreclose on the mortgage associated with the Note.[6] *See Melina*, 817 F.3d at 223 (citing *Wells Fargo Bank, N.A. v. Charlaff*, 24 N.Y.S.3d 317, 319 (2d Dep't 2015)); *Rooney*, 19 N.Y.S.3d at 544-45; *HSBC Bank USA, N.A. v. Spitzer*, 18 N.Y.S.3d 67, 68 (2d Dep't 2015); *Deutsche Bank Nat'l Tr. Co. v. Abdan*, 16 N.Y.S.3d 459, 459 (2d Dep't 2015). As a matter of law, the Mortgage was also transferred to CIT Bank at the time the Note was transferred. *See Mortg. Elec. Registration Sys., Inc. v. Coakley*, 838 N.Y.S.2d 622, 623 (2d Dep't 2007) (finding that the mortgage "passed as an incident to the promissory note").

Defendant's claim that the Note was fraudulently indorsed is not supported by any evidence in the record. (Def.'s Mem. at 16-18.) Specifically, defendant argues that, during discovery, plaintiff submitted two

---

[6] Defendant's argument that the Marks Affidavit is not based upon personal knowledge fails to create an issue of fact. (Def.'s Opp. Mem. at 12-13.) Marks attests that she has "acquired personal knowledge of the matters stated herein by personally examining the[] business records." (Marks Aff. ¶ 3.) Marks further attests that, "[i]n connection with making this affidavit, I have personally examined these business records as they relate to the loan at issue in this action, including the exhibits herein." (Supp. Marks Aff. ¶ 2.) These statements are sufficient. *See OneWest Bank, N.A. v. Rubio*, No. 14-CV-3800, 2015 WL 5037111, at *2 (S.D.N.Y. Aug. 26, 2015) (finding similar affidavit admissible to establish prima facie entitlement to summary judgment in foreclosure action in favor of plaintiff).

different versions of the Note: one which contains a "stamp indorsement" by Vartan Derbedrossian as Vice President of IndyMac, who plaintiff alleges was not authorized to indorse Notes on behalf of IndyMac, and one stamped "Certified True Copy" that does not contain an indorsement by Derbedrossian. (*Id.*; Def.'s Opp. 56.1 ¶ 5.) Defendant contends that the indorsed Note was not submitted by plaintiff at the time it commenced the 2009 State Action. (Def.'s Mem. at 17.) He argues that the indorsed Note first appeared in the State Action on or about March 13, 2013, attached as an exhibit to plaintiff's opposition to the summary judgment motion before the state court. (*Id.*) Thus, defendant claims that the indorsed version of the Note is fraudulent as Derbedrossian was no longer employed by IndyMac after February 2009. (*Id.* at 18.)

The record simply does not support this assertion. First, any variations of the Note are immaterial because the uncontroverted record establishes plaintiff's ownership of the Note, indorsed in blank, and the concomitant right to foreclose the mortgage at the time it filed this action. Furthermore, the Note is undated and plaintiff has not claimed that the Note was indorsed after February 2009. (Marks Aff. Ex. A; Pl.'s Reply Mem. at 8.) Moreover, according to Derbedrossian's Response to Defendant's First Request for Admissions, he kept his "signing authority when the FDIC was appointed conservator of [IndyMac Bank]." (*See* Donovan Decl. Ex. R.) Contrary to defendant's contentions, "[t]here is simply no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it." *JPMorgan Chase Bank, N.A. v Weinberger*, 37 N.Y.S.3d 286, 289 (2d Dep't 2016). Further, "it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date." *Id.* (citing *Aurora Loan Servs., LLC v Taylor*, 25 N.Y.3d 355, 362 (2015))."[7]

Plaintiff also established its standing on independent grounds as the assignee of the Note. "In New York, standing to foreclose may be established by 'a written assignment of the underlying note.'" *Melina*, 827 F.3d at 223 (quoting *OneWest, F.S.B. v. Goddard*, 17 N.Y.S.3d 142, 143 (2d Dep't 2015)). "No special form or language is necessary to effect an assignment as long as the language shows the intention of the owner of a right to transfer it." *Id.* (quoting *Suraleb, Inc. v. Int'l Trade Club, Inc.*, 788 N.Y.S.2d 403, 404 (2d Dep't 2004)). Plaintiff asserts that the Mortgage and Note were assigned to it by the execution of the LSA dated March 19, 2009, between OneWest and the FDIC as Receiver for IndyMac Federal, pursuant to which CIT Bank acquired certain loans from IndyMac, including the at-issue Loan. (*See* Marks Aff. Ex. D.) The LSA provides that FDIC, as receiver and conservator for IndyMac Federal, would "sell[], transfer[], convey[], assign[] and deliver[]" to OneWest, and OneWest would "purchase[], accept[] and assume[] from [FDIC] . . . all of [FDIC's] rights, title and interests in, to and under" certain defined assets. (Marks Aff. Ex. D

---

[7] Defendant's argument that Sandra Schneider was not authorized to execute allonges on behalf of the FDIC and that the allonge to the Note is insufficient because it was paperclipped to the Note fail to create an issue of fact precluding summary judgment. (*See* Def.'s Opp. 56.1 ¶ 6; Def.'s Mem. at 18-19.) Although it is true that New York U.C.C. § 3-302(2) requires that "[a]n indorsement must be written . . . on the instrument or on a paper so firmly affixed thereto as to become a part thereof," here, the Note itself contains an indorsement in blank. (Marks Aff. ¶ 5.) Additionally, as discussed *infra*, the assignment of the Note to plaintiff in and of itself is sufficient to establish plaintiff's ownership of defendants' Loan. *See Melina*, 827 F.3d at 223.

§ 2.01(a)). Such assets include "all of the [FDIC's] rights, title and interest in, to and under the Loans (including all Notes, the other Loan Documents and Related Agreements) identified on the Loan Schedule attached hereto as Attachment A." (*Id.* at § 2.01(a)(i)). The attached Loan Schedule includes defendants' Mortgage Loan. (*See* Marks Aff. Ex. D.) Significantly, as the Second Circuit recently noted in *Melina*, in reference to the same LSA agreement at issue here, "[t]he LSA thus assigned to [Plaintiff] all of the rights that FDIC previously had to [the defendant's] loan as the conservator and receiver of IndyMac Federal—and this assignment sufficed to give [the plaintiff] standing to foreclose." 827 F.3d at 223. Thus, the LSA is sufficient under New York law to assign the Note to OneWest. *See Melina v. OneWest Bank, N.A.*, No. 14 CV 5290, 2015 WL 5098635, at *4 (E.D.N.Y. Aug. 31, 2015) (citing *Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79, 91-92 (2d Cir. 2014), *aff'd* 827 F.3d 214 (2d Cir. 2016); *CIT Bank N.A. v. Elliot*, 15-CV-4395, 2018 WL 1701947, at *8-9 (E.D.N.Y. Mar. 31, 2018); *OneWest Bank, N.A. v. Perez*, 14- CV-3465, 2015 WL 12659924, at * 7-8 (July 18, 2015). Again, the Mortgage followed the Note by operation of law. *See Mortg. Elec. Registration Sys., Inc.*, 838 N.Y.S.2d at 623.[8] Therefore, plaintiff has established its standing as both the holder and the assignee of the Note, and thus the Mortgage, prior to the commencement of this action.

## 2. Default and Notice Requirements

Defendant disputes his default, contending that the Loan was rescinded when IndyMac failed to convert the Loan from the construction phase to the permanent phase on March 16, 2008, pursuant to the terms of the 2007 modified agreement. (Def's Rule 56.1 ¶¶ 6-7.) However, nothing in the record supports defendant's contention. In fact, defendant continued to make monthly payments on the Loan for ten months after plaintiff's alleged failure to convert the Loan. (*See* Def.'s Opp. 56.1 ¶ 14; Marks Aff. Ex. E, Loan History.) Furthermore, defendant ignores the June 1, 2008 Modification Agreement, which superseded any earlier agreements between the parties. (Marks Aff. Ex. C.) That agreement contained the terms of the defendants' permanent loan and states on the first page: "THIS AGREEMENT MODIFIES THE NOTE TO CHANGE THE INTEREST RATE AND MONTHLY PAYMENT, PROVIDES FOR A CHANGE IN THE INTIAL FIXED INTEREST RATE TO AN ADJUSTABLE INTEREST RATE AND LIMITS THE AMOUNT THE ADJUSTABLE INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE." (*Id.*) Any contrary contentions made by defendant are not supported by the record. *See E. Sav. Bank FSB v. Rabito*, No. 11-cv-2501, 2012 WL 3544755, at *4-5 (E.D.N.Y. Aug. 16, 2012) (finding that defendant failed to raise any legal defense to plaintiff's proof of default where he denied the default in his answer and opposition to a motion for summary judgment, but provided no further evidence in support).

Defendant further contends that plaintiff's ninety-day foreclosure notice failed to satisfy the requirements of RPAPL § 1304. That section provides, in relevant part, that "at least ninety days before a lender, an assignee, or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, [that entity] shall give notice to the borrower in at least fourteen-point type" of the debt owed and amounts due

---

[8] The recorded assignment of the Mortgage to plaintiff on July 19, 2010, is further evidence of plaintiff's standing. (*See* Certificate of Merit, Ex. A.)

to cure the default. *Id.* § 1304(1). It further provides that such notice must be given in a specific form:

> Such notice shall be sent . . . by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage. . . . Notice is considered given as of the date it is mailed.

*Id.* § 1304(2). "[P]roper service of RPAPL [§] 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action." *Wells Fargo Bank, N.A. v. Ullah*, No. 13-CV-485 (JPO), 2015 WL 3735230, *8 (S.D.N.Y. June 15, 2015) (quoting *Aurora Loan Servs., LLC v. Weisblum*, 923 N.Y.S.2d 609, 615 (2d Dep't 2011)). Plaintiff has the burden of establishing that it satisfied this condition. *Id.*

Although defendant generally denies that he defaulted on the Loan, he argues that, if a default did occur, the earliest date on which plaintiff could have declared a default was April 1, 2009. (Def.'s Opp. 56.1 ¶¶ 14, 15, 19; Def.'s Mem. at 20.) Thus, defendant alleges that because plaintiff's ninety-day notice stated that the default occurred on February 1, 2009, the notice contains a factual inaccuracy and fails to meet the requirements of RPAPL § 1304. (Def.'s Mem. at 20.) Furthermore, defendant alleges that he only received the ninety-day notice by certified mail. (Def.'s Opp. 56.1 ¶ 16.)

Such conclusory allegations are insufficient to create an issue of fact. As demonstrated by the loan history attached to the Marks Affidavit, plaintiff defaulted on the payment due February 1, 2009, and all payments thereafter. (*See* Marks Aff. Ex. E,

---

⁹ Defendant relies on the incomplete history of loan payments that he attached to his declaration. (*See* Donovan Decl. Ex. S.) However, that document

Loan History.)⁹ Furthermore, as set forth in the Marks Affidavit, "on June 11, 2014, as part of [p]laintiff's regular mailing practices, [p]laintiff mailed 90-day notices that were compliant with RPAPL 1304 in font size and content to each [d]efendant by both certified and regular mail." (Marks Supp. Aff. ¶ 3; *see also* Marks Aff. Ex. H.) Moreover, defendant does not deny receiving the notice in the mail and CIT Bank submitted documentary evidence in the form of United States Postal Service records establishing that the notices were mailed to the Subject Property on June 11, 2014. (*See* Def.'s Opp. 56.1 ¶ 16; Marks Aff. Ex. G.) Therefore, as the uncontroverted evidence shows, the notice requirements of RPAPL § 1304 were satisfied.

Thus, having established its standing to sue and the existence of a debt and a mortgage securing the debt, plaintiff has also provided proof of defendants' default in the form of unrebutted affidavit testimony and copies of the notice of default and pre-foreclosure notice sent to defendants. *See OneWest Bank, N.A. v. Rosado*, No. 14 Civ. 9917, 2016 WL 3198305, at *2 (S.D.N.Y. June 7, 2016) (finding similar proof sufficient); *Melina*, 2015 WL 5098635, at *1-3 (same). Accordingly, plaintiff has established its prima facie case for foreclosure.

**B. Alleged Defenses**

**1. Judicial Estoppel**

Defendant raises the affirmative defense that plaintiff's action is barred by the doctrine of judicial estoppel. (Def.'s Mem. at 14-15.) Defendant appears to base this contention on the fact that plaintiff has foreclosed on other homes "as successor in interest to IndyMac." (*Id.* at 14.) Defendant's argument has no

---

provides the loan payments made by defendants through only January 2009. (*Id.*)

merit and thus fails to raise a material issue of fact.

Judicial estoppel prevents a party from asserting a factual position in one legal proceeding that is contrary to a position that it successfully advanced in another proceeding. *See Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 6 (2d Cir. 1999). Thus, "[a] party invoking judicial estoppel must show that (1) the party against whom the estoppel is asserted took an inconsistent position in a prior proceeding and (2) that position was adopted by the first tribunal in some manner, such as by rendering a favorable judgment." *Id.* (citation omitted).

Here, plaintiff has not taken a position inconsistent with its position in any prior action. In fact, plaintiff's basis for foreclosure in the instant action is based on the same LPA at issue in other successful foreclosure actions filed by plaintiff. *See OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 222 (2d Cir. 2016); *CIT Bank N.A. v. Elliot*, 15-CV-4395, 2018 WL 1701947, at *8-9 (E.D.N.Y. Mar. 31, 2018); *OneWest Bank, N.A. v. Rubio*, No. 14-CV-3800, 2015 WL 5037111 (S.D.N.Y. Aug. 26, 2015). Therefore, defendant's judicial estoppel defense fails as a matter of law.

2. The *Rooker-Feldman* Doctrine

In his final defense, defendant asserts that the instant action is barred by the *Rooker-Feldman* doctrine. "Under the *Rooker–Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 426, 426 (2d Cir. 2014) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005)). "The doctrine is rooted in the principle that 'appellate jurisdiction to reverse or modify a state-court judgment is lodged . . . exclusively in [the Supreme] Court.'" *Id.*

(alterations in original) (quoting *Exxon*, 544 U.S. at 283). Four requirements must be satisfied for *Rooker-Feldman* to apply: "(1) the federal-court plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by a state court judgment'; (3) the plaintiff 'invite[s] . . . review and rejection of that judgment'; and (4) the state judgment was 'rendered before the district court proceedings commenced.'" *Id.* (alterations in original) (quoting *Hoblock v. Albany Cty. Bd. of Elecs.*, 422 F.3d 77, 85 (2d Cir. 2005)). However, a plaintiff's injuries are not "caused by a state court judgment" when the state court "simply ratified, acquiesced in, or left unpunished" the actions of a third party. *Hoblock*, 422 F.3d at 88. Additionally, "a party is not complaining of an injury 'caused by' a state-court judgment when the exact injury of which the party complains in federal court existed prior in time to the state-court proceedings, and so could not have been 'caused by' those proceedings." *McKithen v. Brown*, 481 F.3d 89, 98 (2d Cir. 2007).

Here, plaintiff does not complain of injuries caused by a state court judgement; rather, plaintiff's foreclosure claim is based on defendants' default on their loan payment, events that occurred prior to the state court action. Therefore, the *Rooker-Feldman* doctrine does not bar plaintiff's claim.

\* \* \*

In sum, the Court finds that each of defendant's challenges is without merit and is insufficient to create a triable issue of fact sufficient to defeat summary judgment. The uncontroverted evidence establishes that defendants' Mortgage was validly assigned by IndyMac to plaintiff prior to the commencement of this foreclosure action. Additionally, the Marks Affidavit states unequivocally that based on her inspection of the relevant business records maintained by

CIT Bank pertaining to defendants' Mortgage, plaintiff is the holder of the Note. Further, plaintiff has provided proof of defendants' default in the form of unrebutted affidavit testimony and copies of the notice of default and pre-foreclosure notice sent to defendants. Thus, plaintiff complied with the requirements of RPAPL as attested to in its attorney's affirmation and the Marks Affidavit. Accordingly, plaintiff has established its prima facie case for foreclosure, and defendant has failed to raise a triable issue of fact, including with respect to any defenses.

## IV. CONCLUSION

For the foregoing reasons, based on a review of the record, the Court concludes that (1) plaintiff has met its burden of establishing a prima facie case for mortgage foreclosure, based on the uncontroverted evidence submitted in connection with its cross-motion for summary judgment, and (2) no issue of material fact remains for trial. The Court, therefore, grants plaintiff's cross-motion for summary judgment, and denies defendant's motion for summary judgment.

Plaintiff is directed to submit a proposed judgment of foreclosure providing for a sale of the Subject Property consistent with this Order by no later than November 5, 2018. This order should include the space for the appointment of a proposed referee to effectuate the sale and to disperse funds from such a sale.

SO ORDERED.

JOSEPH F. BIANCO
United States District Judge

Dated:  October 5, 2018
        Central Islip, NY

\* \* \*

Plaintiff is represented by Allison J. Schoenthal and Nicole E. Schiavo of Hogan Lovells US LLP, 875 Third Avenue, New York, New York 10022.

Defendant James Donovan proceeds *pro se*.

Defendant Tara Conroy a/k/a Tara Donovan is represented by Christopher Thompson, 33 Davison Lane East, West Islip, New York 11795.