FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 20 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CIT BANK, N.A., <br><br> Plaintiff, <br><br> vs. <br><br> TARA CONROY a/k/a TARA DONOVAN, JAMES DONOVAN, TOTAL DENTAL CARE OF MIDDLE ISLAND P.C., ASTORIA FEDERAL SAVINGS AND LOAN ASSOCIATION, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, ANNMARIE CLARKE, FASTINA BLAKE and "JOHN DOE No. 1" through "JOHN DOE No. 10" inclusive, the names of the last 10 defendants being fictitious, the true names of said defendants being unknown to Plaintiff, it being intended to designate fee owners, tenants or occupants of the mortgaged premises and/or persons or parties having or claiming an interest in or a lien upon the mortgaged premises, if the aforesaid individual defendants are living, and if any or all of said individual defendants be dead, their heirs at law, next of kin, distributees, executors, administrators, trustees, committees, devisees, legatees, and the assignees, lienors, creditors and successors in interest of them, and generally all persons having or claiming under, by, through, or against the said defendants named as a class, of any right, title, or interest in or lien upon the premises described in the complaint herein, <br><br> Defendants. | Case No.: 1:14-cv-05862-~~LDW~~ PKC  AKT <br><br> **JUDGMENT OF FORECLOSURE AND SALE** |

On the Complaint duly filed in this action on October 7, 2014, and all papers filed in and proceedings had thereon, and that summary judgment was granted in favor of the Plaintiff; and that the Notice of Pendency containing all the particulars required to be stated therein was duly filed in the Office of the Clerk of the County of Suffolk and has not been amended to add new parties or to embrace real property not described in the Complaint,

{11628028:1}

And, on reading and filing the Affidavit of Tenisa Brooks sworn to on November 1, 2018, with exhibits annexed thereto, it appears that the sum due to Plaintiff for unpaid principal, interest, advances, and pre acceleration late fees is $1,143,739.46 as of October 25, 2018, and that the Premises should be sold as one parcel, and on the Affirmation of Sean K. Monahan, Esq. dated November 5, 2018 from which it appears that Plaintiff seeks an award of reasonable legal fees and for reimbursement of disbursements incurred, and additional sums would be due to Plaintiff from October 25, 2018 to the conclusion of the action, and on reading and filing the Affidavit of Plaintiff, the Affirmation of Sean K. Monahan, Esq. with exhibits annexed thereto;

Now, upon proof of due notice of this application upon all parties who have not waived the same, and this matter having regularly come on to be heard, and there being no opposition thereto, it is

**ORDERED, ADJUDGED AND DECREED** that the mortgaged premises, commonly known as 11 Waverly Court, Wading River, New York 11792, and more particularly described in Schedule "A" annexed hereto (the "Premises") be sold, in one parcel, at public auction in the United States Courthouse, Lobby at 100 Federal Plaza, Central Islip, NY 11722, on any day of the week the courthouse is open at a time selected by the Referee, Ellen Tobin, Esq., 1201 RXR Plaza, Uniondale, NY 11556, 516-622-9200, who is hereby appointed Referee for that purpose (hereinafter "Referee"), that the said Referee set the date of sale and give public notice of the time and place of such sale in accordance with New York Real Property Actions and Proceedings Law ("RPAPL") §231 in a NEWSDAY, circulated in Suffolk County, New York; and it is further

**ORDERED, ADJUDGED AND DECREED** that said Referee shall accept at such sale the highest bid offered by a bidder, who shall present government-issued photo

{11628028:1}

identification to the Referee, and shall require that such successful bidder immediately pay to the Referee in cash or certified or bank check payable to such Referee, ten (10%) percent of the sum bid and shall execute Referee's Terms of Sale for the purchase of the Premises, unless such successful bidder is Plaintiff herein, in which case, no deposit against the purchase price shall be required; and it is further

**ORDERED, ADJUDGED AND DECREED** that in the event the first successful bidder fails to immediately pay the ten percent deposit as provided herein or fails to execute the Terms of Sale immediately following the bidding upon the Premises, the Premises shall thereafter immediately, on the same day, be re-offered at auction; and it is further

**ORDERED, ADJUDGED AND DECREED** that the closing of title shall take place at the office of the Referee at or at such other location as the Referee shall determine within thirty (30) days, unless otherwise stipulated by Plaintiff, the Referee, and the purchaser; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Special Master is directed to forthwith deposit the Bid Deposit in his own name as Special Master in a FDIC insured bank within the City of New York; and it is further, which proceeds of sale may be withdrawn on his own order in connection with the closing of title pursuant to this Judgment; and it is further

**ORDERED, ADJUDGED AND DECREED** that said Referee on receiving the proceeds of such sale shall forthwith pay therefrom:

FIRST: The statutory fees and commissions of said Referee, if any. In the event a scheduled sale is adjourned, cancelled, or postponed, Plaintiff shall compensate the Referee in the sum of $250.00 for each adjournment, cancellation, or postponement, unless the Referee has requested the adjournment, cancellation, or postponement,

{11628028:1}

should the Referee be entitled to such compensation. Such compensation may be recouped from the proceeds of sale as a cost to Plaintiff. This Judgment shall constitute the necessary prior authorization for compensation as set forth herein.

SECOND: The expenses of the sale, including the cost of advertising as shown on the bills presented and certified by said Referee to be correct, copies of which shall be annexed to the Report of Sale.

THIRD: Pursuant to RPAPL §1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates and any charges placed upon the Premises by a municipal agency which have priority over the foreclosed mortgage, which are liens on the Premises at the time of sale with such penalties which may have lawfully accrued thereon to the date of payment.

FOURTH: Said Referee shall then pay to Plaintiff or to Plaintiff's attorneys the sum of $1,143,739.46, the said amount so reported due as aforesaid, together with interest thereon as of October 25, 2018, the date the interest was calculated to in said Report at the Note rate, to the date of entry of this Judgment, and thereafter at the statutory post-judgment rate to the date of transfer of title, or so much thereof as the purchase money of the Premises will pay of the same, together with $ 166,630.50 awarded to Plaintiff as reasonable legal fees, together with $ 3,315.90 awarded to Plaintiff as reimbursement for disbursements, together with any advances as provided for in the instrument which Plaintiff may have made for taxes, insurance, principal and interest and any other charges due to prior mortgages or to inspect, repair, appraise and/or maintain the Premises pending the consummation of this foreclosure sale, not previously included in the computation and upon presentation to the Referee of receipts for said

{11628028:1}

expenditures, all together with interest thereon pursuant to the Note and Mortgage, as above provided, and copies of such receipts shall be annexed to the Referee's Report of Sale pursuant to RPAPL §1355; and it is further

**ORDERED, ADJUDGED AND DECREED** that in case Plaintiff be the purchaser of said mortgaged Premises at said sale, said Referee shall not require Plaintiff or Plaintiff's assignee to pay in cash the entire amount bid at said sale, but shall execute and deliver only to Plaintiff or to Plaintiff's assignee a Deed of the Premises sold upon the payment to said Referee of the sum awarded to him or her under the above provisions marked "FIRST", "SECOND", and "THIRD" if such expenses were paid by the Referee, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing the payment thereof. The balance of the amount bid, after deducting therefrom the aforementioned payments for Referee for compensation and expenses, taxes, assessments, sewer rates, water rates, and priority liens of a municipal agency, shall be allowed to Plaintiff and applied by said Referee upon the amounts due to Plaintiff as specified above in item marked "FOURTH". If upon so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to Plaintiff, then Plaintiff shall pay to said Referee, upon delivery to Plaintiff of said Referee's Deed, the amount of such surplus, which shall be applied by the Referee, upon motion made pursuant to RPAPL §1351(3) and proof satisfactory to the Referee of the sums due thereon, to any subordinate mortgage duly recorded against the Premises, pursuant to RPAPL §1345(3), which payment shall be reported in the Referee's Report of Sale. Any surplus remaining after all payments as herein provided shall be deposited into Court in accordance with RPAPL §1345(4) and the Referee shall give notice of such surplus to the owner of the mortgaged Premises as identified by Plaintiff at the time of the sale; and it is further

{11628028:1}

**ORDERED, ADJUDGED AND DECREED** that said Referee take the receipt of Plaintiff or Plaintiff's attorney for the amounts paid as herein before directed in item marked "FOURTH", and file it with his/her Report of Sale, that he/she deposit the surplus monies, if any, with the Clerk of this Court within five (5) days after the same shall be received unless such period be deemed extended by the filing of an application for additional compensation as set further herein, to the credit of this action, to be withdrawn only on the order of the Court, signed by a judge of the Court; that the said Referee make his/her Report of such Sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the person to whom payments were made and file it with the Clerk of this Court within thirty (30) days after completing the sale and executing the proper conveyance to the purchaser, or within thirty days of the decision of the Court with respect to any application for additional compensation; and it is further

**ORDERED, ADJUDGED AND DECREED** that the purchaser or purchasers at such sale be let into possession of the Premises on production of the Referee's Deed or Deeds; and it is further

**ORDERED, ADJUDGED AND DECREED**, that each and all of the defendants in this action, and all persons claiming under any of them after the filing of such Notice of Pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said mortgaged Premises and each of every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED**, that said Premises to be sold in one parcel in "as is" physical order and condition on the day of sale, subject to:

- any state of facts that an inspection of the Premises would disclose;

{11628028:1}

- any state of facts that an accurate survey of the Premises would disclose;

- sums, if any, of real estate taxes, and assessments, water, sewer, and vault charges, with interest and penalties, including lien and certificate sales for delinquent items, unless paid from the proceeds of the foreclosure sale;

- covenants, reservations, restrictions, easements, declarations, rights of way and public utility agreements of record, if any;

- any building and zoning ordinances of the municipality in which the mortgaged Premises is located and any violations of same;

- any and all rights of tenants, or persons in possession of the Premises other than tenants, or any portion thereof;

- any equity of redemption of the United States of America to redeem the Premises or any portion thereof within one hundred twenty (120) days from date of sale; and

- prior lien(s) of record to the mortgage being foreclosed, if any, except those liens addressed in RPAPL §1354;

and it is further

**ORDERED**, that in the absence of the Referee, the Court may designate a Substitute Referee forthwith; and it is further

**ORDERED**, that a copy of this Judgment shall be served upon the designated Referee, the owner of the equity of redemption as of the date of filing of the Notice of Pendency, any tenants or occupants named in this action, and any other party entitled to notice.

The description of the Premises encumbered by the mortgage being foreclosed is annexed hereto as Schedule "A".

E N T E R :

s/PKC
_____
U. S. D. J.

{11628028:1}

## SCHEDULE A
## DESCRIPTION

**District 0600, Section 026.00 Block 03.00 and Lot 074.020**

ALL that certain plot, piece or parcel of land situate, lying and being at Wading River, Town of Riverhead, County of Suffolk and State of N ew York, known and designated as Lot 20 on a certain map entitled "Map of Darren Development Crescent on the Sound" and filed in the Office of the Clerk of the County of Suffolk on August 30, 2001 as Map No. 10668 , more particularly bounded and described as follows:

BEGINNING at the extreme Southerly end of a curve which connects the Westerly side of Waverly Comi with the Southerly side of Crescent Comi;

RUNNING THENCE along the said Westerly side of Waverly Court along a curve to the left having a radius of 327.50 feet, a distance of 35.21 feet to a point;

THENCE South 18 degrees 45 minutes 43 seconds West still along the Westerly side of Waverly Court, 144.21 feet to a point;

THENCE North 72 degrees 30 minutes 55 seconds West, 148.30 feet to a point;

THENCE North 15 degrees 33 minutes 25 seconds East, 232.02 feet to the Southerly side of Crescent Court;

THENCE along the Southerly side of Crescent Court the following 3 courses and distances:

1. along a curve bearing to the right having a radius of 172 .50 feet, a distance of 55.38 feet to a point;

2. South 59 degrees 04 minutes 45 seconds East, 83.55 feet to a point;

3. along a curve having a radius of 527.50 feet, a distance of 6.65 feet to a point;

THENCE along the arc of a curve first above mentioned bearing to the right and having a radius of25.00 feet, a distance of36.97 feet to the point or place of BEG INNING.

**Premises known as 11 Waverly Court, Wading River, New York**

{11628028:1}